Filed 5/15/13  P. v. Mahler CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>DAVID MAHLER,<br><br>      Defendant and Appellant. | B241517<br><br>(Los Angeles County<br>Super. Ct. No. BA323719) |

     APPEAL from a judgment of the Superior Court of Los Angeles County, Steven A. Marcus, Judge.  Affirmed.

     Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

     No appearance for Plaintiff and Respondent.

_____

This case comes before us a second time. David Mahler was convicted of the second degree murder (Pen. Code,[1] § 187) of Kristen Baldwin, with a firearm-use enhancement (§ 12022.53, subd. (d)), and of assault with a firearm against Donald Van Develde (§ 245, subd. (a)(2)). On appeal, we concluded the trial court improperly instructed the jury on felony murder, reversed the murder conviction, and remanded for further proceedings. (*People v. Mahler* B220082 (Sept. 7, 2011) nonpub. opn.)

Following remand, the trial court granted Mahler's request to represent himself (*Faretta v. California* (1975) 422 U.S. 806 [95 S.Ct. 2525, 45 L.Ed.2d 562]) on November 29, 2011.

On March 2, 2012, the court granted Mahler's request to rescind his pro per status. Represented by retained counsel, Mahler entered a negotiated plea of guilty to voluntary manslaughter (§ 192, subd. (a)), added as amended count 3, and he admitted a firearm-use enhancement (§ 12022.5). In return, Mahler was to be sentenced to an aggregate state prison term of 21 years, consisting of the 11-year upper term for voluntary manslaughter, plus the 10-year upper term for the firearm-use enhancement, and a concurrent three-year term for assault with a firearm.[2]

At sentencing on April 27, 2012, the trial court heard Mahler's motions, in which he maintained that his current plea constituted one rather than two strikes, that mitigating factors justified imposition of middle terms and that sentencing him to upper terms on the offense and the enhancement violated section 1192.7. The court denied the motions and sentenced Mahler in accordance with the plea agreement. The murder count was dismissed on the People's motion.

The court ordered Mahler to pay a $40 security fee and a $30 criminal conviction assessment on each count and a $4,000 restitution fine. The court imposed and

---

[1]     Unless otherwise indicated, all further statutory references are to the Penal Code.

[2]     The two-year term reflected in the abstract of judgment for assault with a firearm appears to have been clerical error. The abstract of judgment is ordered corrected to conform to the trial court's oral pronouncement of judgment and corresponding minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89.)

2

suspended a parole revocation fine pursuant to section 1202.45.  The court awarded Mahler 2,061 days of presentence credit (1,792 actual days and 269 days of conduct credit).

Mahler filed a timely notice of appeal in which he checked the preprinted box indicating, "[t]his appeal is based on the sentence or other matters that occurred after the plea" and attached a typed list of assertions attacking the validity of his agreed-upon sentence.  Mahler did not request a certificate of probable cause.

We appointed counsel to represent Mahler on appeal.

After examination of the record counsel filed an opening brief in which no issues were raised.  On December 10, 2012, we advised Mahler he had 30 days within which to personally submit any contentions or issues he wished us to consider.  No response has been received to date.[3]

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause can only challenge the denial of a motion to suppress evidence or raise grounds arising after the entry of the plea that do not affect the plea's validity.  (Cal. Rules of Court, rule 8.304(b)(1).)  Mahler's appeal is inoperative to the extent he is challenging the validity of his plea by challenging the sentence imposed in accordance with the terms of his plea.  The issues specifically identified in Mahler's typed attachment to his notice of appeal can only be construed as an attack on the validity of the plea itself, or are not germane to his conviction or sentence or concern matters that are not supported in the record on appeal.

With respect to other potential sentencing or post-plea issues that do not in substance challenge the validity of the plea itself, we have examined the record and are satisfied Mahler's attorney has fully complied with the responsibilities of counsel and no arguable issue exists.  (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284 [120 S.Ct. 746,

---

3    Counsel filed two motions, which this Court granted, for judicial notice (12/10/2012), and to augment the record (2/4/2013).

145 L.Ed.2d 756]; *People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende* (1979) 25 Cal.3d 436, 441.)

## DISPOSITION

The judgment is affirmed.  The superior court is directed to prepare and forward to the Department of Corrections and Rehabilitation an amended abstract of judgment changing Mahler's sentence for assault with a firearm (count 2) from two years to three years to conform to trial court's oral pronouncement of judgment.


ZELON, J.


We concur:


PERLUSS, P. J.


WOODS, J.


4